UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,             :

                                      :

                    Plaintiff,         :

                                      :               23-CR-133-5 (JMF)

         -v-                      :

                                      :        MEMORANDUM OPINION

SKYE XU,                       :              AND ORDER

                                      :

                    Defendant.      :

                                        :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Skye Xu is charged, along with nine other Defendants (all of whom have

pleaded guilty), with wire fraud, conspiracy to commit wire fraud and honest services wire fraud,

and conspiracy to commit money laundering in connection with an alleged scheme to defraud

Polar Air Cargo Worldwide, Inc. ("Polar"), a cargo airline.  ECF No. 3 ("Indictment"), ¶ 1.  The

charges against Xu relate to agreements that his company ("Sky X") entered into with Polar.  *Id.*

¶¶ 1, 34.  More specifically, the Indictment alleges that, "[i]n or about September 2020 and again

in or about March 2021, Sky X entered into capacity purchase agreements with Polar, under

which Sky X purchased cargo space from passenger airlines . . . which Polar then offered to its

customers to transport cargo."  *Id.* ¶ 34.  The government alleges that these agreements were

"negotiated and executed in large part by" Co-Defendant Abilash Kurien in his capacity as a

Polar senior executive and that they "provided for the payment of a commission to Polar, with

the remaining revenues to be passed on to Sky X."  *Id.*   "In exchange for these favorable

business arrangements with Polar," the Government alleges, "Xu agreed to pay kickbacks to Lars

Winkelbauer," then a Polar senior executive and now another Co-Defendant, "and to Kurien and

[an unnamed co-conspirator] through limited liability companies they controlled," unknown to

Polar at the time, and that "between in or about September 2020 and in or about July 2021, Sky X, at the direction of Skye Xu, paid in excess of $4.4 million from profits derived from its contract with Polar to limited liability companies controlled by Kurien, Winkelbauer, and [the unnamed co-conspirator]."  *Id.*

Xu now moves, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, to dismiss the Indictment as to him on the ground "it does not sufficiently allege that [he] engaged in wire fraud, honest services fraud, or money laundering, or that he conspired to commit any such offenses."  ECF No. 200-1 ("Def.'s Mem."), at 1.  In the alternative, he moves for a bill of particulars.  *See id.* at 13-15.  The Court will address each motion in turn.

## MOTION TO DISMISS THE INDICTMENT

"It is well established that a defendant faces a high standard in seeking to dismiss an indictment."  *United States v. Chastain*, No. 22-CR-305 (JMF), 2022 WL 13833637, at *2 (S.D.N.Y. Oct. 21, 2022) (cleaned up).  That is because "[a]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."  *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008).  Indeed, "[a]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021).  Thus, except in the rare case in which "the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . , the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."  *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998).  To that end, at the Rule 12(b) stage, a court "do[es] not evaluate the adequacy of the facts to satisfy the elements of

the charged offense." *United States v. Dawkins*, 999 F.3d 767, 780 (2d Cir. 2021).  At most, "[t]hat is something [courts] do *after* trial" on a complete record.  *Id.* (emphasis added).

Measured against this "high standard," Xu's motion to dismiss the Indictment is easily rejected.  The Indictment plainly tracks the language of the statutes under which Xu is charged.  *See* Indictment ¶¶ 36-38, 40, 44-45.  Moreover, it provides specific allegations with respect to the contours of the scheme for which Xu is being charged.  *Id.* ¶ 34.  That is enough — at this stage — to deny Xu's motion.  *See, e.g.*, *Chastain*, 2022 WL 13833637, at *2 (denying a motion to dismiss an indictment because the indictment "properly track[ed] the relevant statutory language and provide[d the defendant] with the basics of each charge"); *United States v. Melzer*, No. 20-CR-314 (GHW), 2021 WL 4847383, at *4 (S.D.N.Y. Oct. 15, 2021) ("On its face, the Indictment is sufficient . . . . [because it] tracks the language of [the relevant statute].  It identifies the approximate time frame and location of the alleged crime.  It also pleads all of the elements of a conspiracy."); *United States v. Orsini*, No. 23-CR-402 (PMH), 2024 WL 218445, at *3 (S.D.N.Y. Jan. 19, 2024) ("[The Indictment's] allegations 'track the language of the statute charge and state the time and place (in approximate terms) of the alleged crime.'  No more is required under well-established Second Circuit law." (citation omitted)).  Contrary to Xu's arguments, the Indictment plainly alleges a scheme to deprive Polar of property, namely money paid to Xu and then to various Polar executives as concealed kickbacks.  *See, e.g.*, Indictment ¶¶ 37, 40.[1]  Additionally, assuming without deciding that the Government is required to allege

---

[1]     In an effort to rely on *Ciminelli v. United States*, 598 U.S. 306 (2023), Xu contends that the Indictment charges a scheme to deprive Polar of "information" rather than "money or property."  *See* Def.'s Mem. 5-6.  That is not the case.  *See* Indictment ¶ 34 (alleging that the relevant "agreements provided for . . . revenues to be passed on to Sky X," and that Sky X, "at the direction of Skye Xu, paid in excess of $4.4 million from profits derived from its contract with Polar" in kickbacks to other Defendants).  Moreover, *Ciminelli* is about instructional error, not the sufficiency of an indictment.  Xu argues that the charge against Ciminelli could have

and prove a quid pro quo to establish honest services wire fraud, the Indictment unequivocally alleges a quid pro quo — kickbacks to the tune of over $4.4 million "in exchange for" favorable contractual terms. *See id.* ¶¶ 2, 34, 38, 42; *see also United States v. Benjamin*, No. 22-3091, 2024 WL 995569, at *9 (2d Cir. Mar. 8, 2024) (holding that the phrase "in exchange for" used in an indictment sufficed to allege a quid pro quo). At bottom, Xu's arguments are either arguments about how the Court should instruct the jury or arguments about the sufficiency of the evidence, not arguments about the adequacy of the Indictment, which properly tracks the relevant statutory language and provides Xu with the basics of each charge. Thus, they are "the basis for a trial, not dismissal of the indictment." *United States v. Blondet*, No. 16-CR-387 (JMF), 2022 WL 507698, at *2 (S.D.N.Y. Feb. 18, 2022).[2]

In short, Xu's arguments for dismissal of the wire fraud and honest services counts fall short. It follows that his challenge to the money laundering charge, which is predicated on dismissal of the other counts, *see* Def.'s Mem. 12-13, fails as well. Accordingly, his motion to dismiss the Indictment must be and is DENIED.

---

been described as a conspiracy to obtain money. *See* ECF No. 229 ("Def.'s Reply"), at 2. That may be so, but the Government in *Ciminelli* had disavowed that theory before the district court, *see* 598 U.S. at 310-11 & n.1, and the Supreme Court did not opine on whether it would have been a valid theory. Any doubt on that score is resolved by Justice Alito's concurring opinion, which expressly noted that the Court's opinion did *not* "address," among other things, either "the indictment's sufficiency" or "the Government's ability to retry petitioner on the theory that he conspired to obtain, and did in fact obtain, by fraud, a traditional form of property, viz., valuable contracts." 598 U.S. at 317-18 (Alito, J., concurring). Thus, while *Ciminelli* may bear on the Court's instructions to the jury in this case, it does not support dismissal of the Indictment.

[2]     Xu's related challenge to the honest services count on the ground that it is unconstitutionally vague, *see* Def.'s Mem. 10-12, is rejected as premature. *See, e.g.*, *United States v. Shea*, No. 20 CR. 412-4 (AT), 2022 WL 1443918, at *5 (S.D.N.Y. May 6, 2022); *United States v. Avenatti*, 432 F. Supp. 3d 354, 366 (S.D.N.Y. 2020).

## MOTION FOR A BILL OF PARTICULARS

As noted, Xu moves, in the alternative, for a bill of particulars.  *See* Def.'s Mem. 13-15.

Rule 7(f) of the Federal Rules of Criminal Procedure gives a district court discretion to order a

bill of particulars "where the charges of the indictment are so general that they do not advise the

defendant of the specific acts of which he is accused."  *United States v. Torres*, 901 F.2d 205,

234 (2d Cir. 1990).  A defendant's motion for a bill of particulars should be granted only if

necessary to allow the defendant to "to prepare for trial, to prevent surprise, and to interpose a

plea of double jeopardy should he be prosecuted a second time for the same offense."  *United*

*States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  However, a bill of particulars should not

be ordered to force the Government to "particularize all of its evidence," *United States v.*

*Cephas*, 937 F.2d 816, 823 (2d Cir. 1991), nor if sufficient information has already been

produced by the Government, *see United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).  "The

important question is whether the information sought is necessary, not whether it is helpful."

*United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990).

Applying those standards here, the Court denies Xu's request for a bill of particulars.  As

discussed above, the twenty-three page Indictment gives Xu more than sufficient notice of the

charges — that is, the nature of the alleged conspiracy, the identity of the alleged conspirators,

and the underlying alleged criminal conduct — to prepare for trial and interpose a claim of

double jeopardy.  On top of that, the Government represents that it has (1) provided "extensive

text-searchable Rule 16 discovery, along with detailed cover letters, over the course of more than

20 productions," including "significant material . . . summarizing Polar's understanding of the

fraudulent scheme and the financial loss that the company suffered as a result"; (2) voluntarily

produced early "notes of witness statements made by approximately 30 individuals, including

current and former Polar employees, cooperating witnesses, and other relevant third-parties, describing their understanding of and involvement in the fraudulent scheme"; and (3) responded to Xu's written request "for details regarding the favorable business arrangements with Polar alleged in the Indictment" by providing "citations to specific documents and witness statements relevant to the charges" against Xu.  ECF No. 225 ("Gov't's Opp'n"), at 18-19.  To the extent Xu seeks more, including particularized evidence or the Government's precise legal theories, he is not entitled to it.  *See, e.g.*, *United States v. Molina*, No. 11-CR-528 (JFK), 2013 WL 2455922, at *4-5 (S.D.N.Y. June 5, 2013) (citing cases).

## CONCLUSION

For the reasons stated above, Xu's motion to dismiss or, in the alternative, for a bill of particulars is DENIED in its entirety.  The Clerk of Court is directed to terminate ECF No. 200.

SO ORDERED.

Dated: March 28, 2024
     New York, New York
                                      JESSE M. FURMAN
                                      United States District Judge