October 3, 2024

<u>**VIA CM/ECF**</u>

Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 1105
40 Foley Square
New York, NY 10007

           Re:    *United States v. Skye Xu*, No. 1:23-cr-00133-JMF-5

Dear Judge Furman:

We write respectfully on an emergency basis to request that the Court continue the trial against Defendant Skye Xu ("Mr. Xu"), which is currently set to commence on October 28, 2024, by a period of **<u>approximately three (3) months</u>**. This modest continuance is warranted because Mr. Xu has identified significant discovery problems impacting Mr. Xu's fundamental rights, which Mr. Xu could not have detected earlier with reasonable diligence, and which must be resolved before Mr. Xu can be fairly tried.

## I.    Factual Background

The Indictment initiating this case was filed on March 23, 2023—a mere seventeen months ago. (ECF No. 3.) Of the ten defendants charged with crimes therein, nine have pleaded guilty, and only Mr. Xu is scheduled for trial.

On May 5, 2023—less than two months after the filing of the Indictment—the Court set the trial date of October 28, 2024, and it has not been re-set since. (ECF No. 63.) Neither Mr. Xu, nor any other defendant, has previously requested, and the Court has not ordered, any continuance of the trial date.[1]

The government has produced to Mr. Xu more than half a million documents, the large majority of which were initially collected, analyzed, filtered, and provided by the law firm Cravath, Swaine & Moore, LLP ("Cravath"), which conducted the investigation in this case on behalf of its client, alleged victim company Polar Air Cargo Worldwide, Inc. ("Polar"). Accordingly, Mr. Xu sought leave to subpoena Polar and Cravath for the evidence collected in Cravath's investigation that was

---

[1] In March 2024, Mr. Xu did request a brief continuance of a pretrial conference so that the Court could rule on Mr. Xu's then-recently-filed Motion to Dismiss the Indictment (ECF No. 227), which continuance the Court granted (ECF No. 228), but that pretrial continuance did not impact the trial date, which has remained set as October 28, 2024, since May 2023. (ECF No. 63.)

Hon. Jesse M. Furman
October 3, 2024
Page 2

not turned over the government (ECF No. 326; *but see* ECF No. 373 [denying motion for leave "for reasons to be stated in an opinion to follow"), as well as moved to compel the government to turn over the same evidence since material in Cravath's possession is imputed to the prosecution for purposes of discovery (ECF No. 377). Both Cravath and the government have stonewalled and reacted abnormally defensively to Mr. Xu's requests (*see* ECF Nos. 354, 358).

Recently, on September 16, 2024, the government filed an over-length motion *in limine* (pursuant to leave), asking the Court to pre-admit most of the evidence it intends to present against Mr. Xu. (ECF No. 340 at 5-9.) That motion revealed to Mr. Xu that the government mainly intends to rely not on evidence inculpating Mr. Xu directly, but rather, on evidence of the wrongdoing of Mr. Xu's co-defendants Specifically, the government intends to rely heavily on the testimony of Benjamin Wei, an indicted alleged co-conspirator who pled guilty, as well as the testimony of Humayyun Atta, an unindicted cooperator with a non-prosecution agreement. (*Id.* at 5.)

However, there are serious problems with the truthfulness, bias, and other credibility issues of both Wei and Atta. Mr. Xu's motion to compel discovery from the government details at length the numerous misstatements, misconduct, and even attempted destruction of evidence committed by these cooperators. (ECF No. 377-1 at 8-10.) However, while this evidence is referenced in notes that were turned over to Mr. Xu, the evidence itself has not been turned over to Mr. Xu. Most saliently, discovery confirms that Cravath took possession of electronic devices such as phones, iPads, and computers from Wei and Atta, among several other witnesses, but cherry-picked what data to examine and turn over to the government. For some reason, both Cravath and the government have opposed Mr. Xu's request for the underlying images of the devices, even though evidence itself cannot be privileged or constitute work product.

As such, on October 3, 2024, Mr. Xu filed a motion to compel the government to obtain from Cravath and produce to Mr. Xu the forensic images taken of cooperators' devices, along with any other discoverable material in Cravath's possession. (ECF No. 377.) Because of the complexity of the issue, Mr. Xu's motion to compel is 20 pages long, and has 26 exhibits attached showing the relevant portions of the record.

A final pretrial readiness conference is currently scheduled for October 15, 2024.

## II.     Argument

### A.     Legal Principles

Courts have inherent authority to manage their docket and trial schedules. *United States v. Alicea*, 837 F.2d 103, 107 (2d Cir. 1988) (citing *United States v. Valencia*, 826 F.2d 169, 171 (2d Cir. 1987)). "Whether a continuance is appropriate is a case-specific determination entrusted to the discretion of the trial court." *United States v. Al Fawwaz*, 116 F. Supp. 3d 194, 209 (S.D.N.Y. 2015). "There is no mechanical test with respect to requests for a continuance or an adjournment." *Id.* at 210. While "broad discretion must be granted trial courts on matters of continuances," "an

Hon. Jesse M. Furman
October 3, 2024
Page 3

unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

"Once the trial judge has fixed a date and the parties and their counsel have made arrangements accordingly, . . . no postponement should be granted except for definite and certain reasons going to the heart of the fairness of the trial." *United States v. Sanchez*, 459 F.2d 100,   However, "the court should not be inflexible in allowing continuances or other modifications of trial procedure in order to allow exploration of reasonable claims . . . ." *United States v. Fernandez*, 480 F.2d 726, 731 n.7 (2d Cir. 1973) (ordering new trial).

"[C]ontinuances are appropriate or perhaps even required" where "(i) the requested delay is of a short (or at least fixed) duration, (ii) the sought-after evidence is specified with particularity, (iii) the proposed evidence is critical to the defense, and (iv) the defendant has not been dilatory." *Al Fawwaz*, 116 F. Supp. 3d at 211.

  B. <u>Application</u>

Here, Mr. Xu has identified "definite and certain reasons" supporting a continuance "going to the heart of the fairness of the trial." *Sanchez*, 459 F.2d at 103.  Specifically, as thoroughly detailed in Mr. Xu's Motion for Leave to Subpoena Polar and Cravath (ECF No. 326)[2] and Motion to Compel Discovery from the government (ECF No. 377), Mr. Xu has been denied his rights of due process and confrontation because the government outsourced its fact-gathering function to Cravath.  Cravath, at the government's direction, performed nearly all of the investigative functions in this case that would typically be carried out by a law enforcement agency, including interviewing witnesses, gathering documentary evidence, summarizing and synthesizing the evidence, and recommending individuals for cooperation or charges.  Cravath chose to share with the government certain evidence, supporting the charges in the Indictment, but as Cravath's opposition to Mr. Xu's subpoena motion makes clear, Cravath as the lead investigator possess a significant amount of relevant evidence that it chose not to share with the government on the basis of purported privilege/work product protection.  (ECF No. 358 at 4-5.)  This puts Mr. Xu in the untenable position of being denied access to the files of the investigation that resulted in criminal charges against him, and Mr. Xu's Motion to Compel Discovery from the government raises complex, critical issues that must be addressed before trial can proceed.

On this record, the four factors set forth in *Al Fawwaz* that make a continuance "appropriate or perhaps even required" (116 F. Supp. 3d at 211) are all present here:

- <u>The requested delay is of a short, fixed duration</u>.  Mr. Xu requests only a modest, three (3)-month continuance.  He does not request the unfixed adjournment of the trial.  Mr. Xu is

---

[2] The Court entered a text-order denying Mr. Xu's Motion for Leave to Subpoena "for reasons to be stated in an opinion to follow."  (ECF No. 373.)  As of the time of this submission, Mr. Xu has not received the Court's opinion.

Hon. Jesse M. Furman
October 3, 2024
Page 4

just as eager as the government to have his day in court and be vindicated by the jury, but to do so, Mr. Xu needs the requested continuance to resolve the problems created by the government's deputization of Cravath to carry out the factual investigation.

- <u>The sought-after evidence is specified with particularity</u>.  While Mr. Xu should be entitled to Cravath's full investigation file given that it acted as an arm of the prosecution and should be treated such, Mr. Xu has nonetheless identified specific evidence in Cravath's possession the he seeks.  Among other items, Cravath elected to obtain the electronic devices of numerous cooperating witnesses (and others), take forensic images, and generate limited Cellebrite reports.  (ECF No. 377-1 at 10-11.)  Cravath produced some of those Cellebrite reports to the government, which produced them to Mr. Xu, but Mr. Xu has been denied the opportunity to conduct his own forensic examinations of those devices and generate his own Cellebrite reports.  That basis, alone, is sufficient to warrant a continuance so that Mr. Xu can obtain the images of the devices and commission forensic examinations.

- <u>The proposed evidence is critical to the defense</u>.  As the government's motion *in limine* makes clear, the primary evidence it intends to offer against Mr. Xu is the wrongdoing of Mr. Xu's co-defendants, with whom Mr. Xu is alleged to have conspired—in other words, it intends to prove other "spokes" of the alleged conspiracy in order to establish Mr. Xu's "spoke."  It also intends to solicit evidence from these witnesses pointing the finger at Mr. Xu.  Thus, whether or not the jury believes the testimony of the cooperators will be a key issue at trial.  Indeed, whether or not the jury finds the cooperating witnesses to be credible is likely to mean the difference between conviction and acquittal.  Under this circumstance, Mr. Xu is clearly entitled to the evidence—particularly the devices—collected from these cooperators, as impeaching their credibility is critical to Mr. Xu's defense.

- <u>Mr. Xu has not been dilatory</u>.  The record confirms that Mr. Xu has not been dilatory at any point during this proceeding.  The only scheduling modification Mr. Xu has ever requested in this case (which the Court granted) was a brief continuance of a status conference so the Court could consider and decide Mr. Xu's motion to dismiss.  Indeed, for a ten-defendant case, alleging an eleven-year conspiracy, eighteen months is a remarkably short period of time between Indictment and trial.  The denial of a continuance is an abuse of discretion when it reflects "a myopic insistent upon expedition in the face of a justifiable request for delay."  *Ungar*, 376 U.S. at 589.  And despite Mr. Xu's diligence, he could not have known before the government's recent motion *in limine* how much the government based its case on the biased, self-serving testimony of the cooperators investigated by Cravath.

The government will not be prejudiced by this requested continuance.  Based on its motion *in limine*, it appears that nearly all of the government's witnesses are its own agents, cooperating witnesses, and current employees of Polar.  The cooperating witnesses have cooperation or non-prosecution agreements with the government, which obligate the witnesses to remain available and appear to testify at trial.  Thus, the government will not lose access to any evidence or seriously inconvenience its witnesses if the trial is continued by a mere three months.

Hon. Jesse M. Furman
October 3, 2024
Page 5

Moreover, a continuance is required because, even if the government or Cravath changed their mind and started producing the evidence to Mr. Xu immediately, there would not be enough time for Mr. Xu to retain his own forensic expert, conduct examination of the device images, and analyze the results.  Disclosure of *Brady* material on the eve of trial is prejudicial to the defendant. *See United States v. Gil*, 297 F.3d 93, 106-07 (2d Cir. 2002) (concluding that government's production of *Brady* material shortly before the commencement of trial prejudiced the defendant because "*Brady* material must be disclosed in time for its effective use at trial") (quoting *United States v. Coppa*, 267 F.3d 132, 142 (2d Cir. 2001)).  Mr. Xu not only needs the underlying evidence in Cravath's possession; he also needs time to review and analyze that evidence.

Importantly, Mr. Xu has not requested any prior continuance of the trial.  The Court set the October 28, 2024, trial date on May 5, 2024, two months after the Indictment was filed.  (ECF No. 63.)  Since then, the trial date has not been moved, at Mr. Xu's request or otherwise.  Thus, the principle that successive requests for a continuance are disfavored is not applicable here.  *Cf. United States v. Womack*, 481 F. App'x 925, 934 (5th Cir. 2012) (finding no error in district court's refusal to grant "a fifth continuance").  Mr. Xu respectfully submits that, under these circumstances, it would be error and a deprivation of Mr. Xu's Constitutional rights to refuse the first, brief, necessary continuance he seeks.  *See United States v. White*, 324 F.2d 814, 816 (2d Cir. 1963) (holding that trial court's refusal to grant defendant a continuance to procure needed evidence was Constitutional error).

As such, the modest, three (3)-month continuance requested by Mr. Xu is reasonable under the circumstances, critical to a fair trial, and will not prejudice the government in any way.  The Court should grant the continuance.

## III.    Relief Requested

For these reasons, Mr. Xu respectfully requests that the Court continue the trial against Mr. Xu by a period of approximately three (3) months, to be rescheduled for a date convenient to the Court in February or March 2025.

We thank the Court for its attention to this matter.


Best regards,

*/s/*

Michael Zweiback
*Attorney for Defendant Skye Xu*