UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
UNITED STATES OF AMERICA,           :
           :
          Plaintiff,          :      23-CR-133-5 (JMF)
           :
   -v-           :
           :      MEMORANDUM OPINION
SKYE XU,           :      AND ORDER
           :
         Defendant.          :
           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Skye Xu, the owner and operator of Sky X Airlines, LLC ("Sky X"), is charged in this case with participating in an alleged kickback scheme that, over more than ten years, defrauded Polar Air Cargo Worldwide, Inc. ("Polar") of millions of dollars. More specifically, the Indictment alleges that "[i]n exchange for" certain "favorable business arrangements with Polar, effectuated by" co-Defendant and former Polar executive Abilash Kurien, Xu "agreed to pay kickbacks to" Kurien and other Polar executives "through limited liability companies they controlled." ECF No. 3, ¶ 34. In advance of trial, which is scheduled to begin on October 28, 2024, Xu provided notice, in the form of a joint expert report by Professors Bijan Vasigh and Farshid Azadian, of his intention to present expert testimony on whether or to what extent the business arrangements at issue were "favorable" to Sky X (and, by extension, "unfavorable" to Polar). *See* ECF No. 365-1 ("Expert Report"), at 8-9. The Government moves to preclude that testimony, arguing, among other things, that Xu's expert notice is deficient "because it fails to identify the expert whose testimony will be elicited at trial and fails to sufficiently provide a complete statement of the proposed testimony and its supporting bases" and because the "proposed experts are unqualified." ECF No. 365 ("Gov't Mem."), at 6.

Upon review of the parties' submissions, the Court GRANTS the Government's motion on the ground that Xu's notice is deficient because it takes the form of a "jointly produced" report representing the "joint opinion" of Professors Vasigh and Azadian. Expert Report 1-2. As the Government notes, "[t]he report does not attempt to delineate whether any particular opinion is attributable to any particular author, nor identify which author reviewed particular source material or conducted particular analyses leading to the 'joint opinion.'" Gov't Mem. 7. Nor does it identify which of the two experts Xu intends to call as a witness at trial. Thus, it fails to comply with the spirit, if not the letter, of Rule 16 of the Federal Rules of Criminal Procedure, as amended in 2022, which mandates that "[t]he disclosure for *each* expert witness" contain, among other things, "a complete statement of all opinions that the defendant will elicit from *the* witness in the defendant's case-in-chief," "*the* witness's qualifications," and "a list of all other cases in which, during the previous 4 years, *the* witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii) (emphases added).[1] Nor are these deficiencies harmless. Without knowing which expert Xu proposes to call (and, to be clear, the Court would not permit him to call both, as such testimony would plainly be cumulative, *see* Fed. R. Evid. 403), it is difficult, if not impossible, for the Court to evaluate the admissibility of the proffered testimony in other respects relevant to the Government's motion.

---

[1] In opposing the Government's motion, Xu contends that there is "nothing improper about disclosing two expert witnesses in a joint expert report," citing two decisions referencing "joint" expert reports. ECF No. 384 ("Xu Opp'n"), at 2 (citing *Novick v. Metro. Life Ins. Co.*, 914 F. Supp. 2d 507, 518 (S.D.N.Y. 2012), and *In re Currency Conversion Fee Antitrust Litig.*, 773 F. Supp. 2d 351, 369 (S.D.N.Y. 2011)). But the two decisions were in civil cases and addressed motions for summary judgment, not experts to be called at trial. Nor is there any indication in the decisions that the propriety of presenting a joint report was challenged. Accordingly, the Court declines to rely on them for the proposition that Xu's notice was adequate.

Accordingly, the Government's motion is GRANTED. That said, the Court exercises its discretion and grants Xu leave to provide a new expert notice limited to the expert (Professor Vasigh or Azadian) he proposes to call at trial. In light of that, the Court need not and does not reach the Government's other arguments for preclusion, including its argument that Xu's notice failed to comply with Rule 16(b)(1)(C)(iii) in other respects, *see* Gov't Mem. 7-8, except to say that Xu's reliance on *United States v. Ulbricht*, 858 F.3d 71 (2d Cir. 2017), to argue that his prior notice was adequate, *see* Xu's Opp'n 3, is misplaced because that decision predated the 2022 amendment of Rule 16, which materially expanded "the scope . . . of the parties' obligations to disclose expert testimony they intend to present at trial," Fed. R. Crim. P. 16, 2022 committee note; *see id.* ("To ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment, items (a)(1)(G)(i) and (iii) — and the parallel provisions in (b)(1)(C)(i) and (iii) — delete the phrase 'written summary' and substitute specific requirements that the parties provide 'a complete statement' of the witness's opinions, the bases and reasons for those opinions, the witness's qualifications, and a list of other cases in which the witness has testified in the past 4 years."). **To ensure that the Court can discuss these issues with the parties at the final pretrial conference to be held on October 22, 2024, Xu shall serve — and file on ECF — any new expert notice by October 21, 2024, at 5 p.m.**

The Clerk of Court is directed to terminate ECF No. 365.

SO ORDERED.

Dated: October 16, 2024
      New York, New York

                                         JESSE M. FURMAN
                                      United States District Judge