

## Zweiback Fiset & Zalduendo LLP

April 9, 2025

**VIA CM/ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 1105
40 Foley Square
New York, NY 10007

Application GRANTED. The Clerk of Court is directed to terminate Doc. # 494.

SO ORDERED.

April 10, 2025

Re:   *United States v. Skye Xu*, 23-cr-00133-JMF

Dear Judge Furman:

Through his counsel, defendant Skye Xu respectfully requests a modification of his conditions of release to allow for out-of-district, international travel from April 22 through May 11, 2025, to visit his elderly parents. Due to age and health, Mr. Xu's parents cannot travel to the United States to see Mr. Xu. With the Court's permission, Mr. Xu has visited his parents three times recently and complied with all conditions set by the Court. Mr. Xu is their only son and has a strong bond with them. Mr. Xu would like to spend more time with them before sentencing.

Mr. Xu specifically requests the Court order that: (1) Mr. Xu is permitted international travel from April 22, 2025, to May 11, 2025, to the city of Zhenjiang in the Jiansu Province in China; (2) Mr. Xu's passport be returned to him prior to his travel, in exchange for the passports of his three children, to be held with the Pretrial Office during Mr. Xu's travel; (3) Mr. Xu surrender his passport to the pretrial office within 24 hours of his return to Los Angeles, and his children's passports be returned upon receipt of his passport; and (4) Mr. Xu provide his itinerary to the pretrial office for approval prior to travel. **The government does not object to this travel request.**[1]

Mr. Xu has been on pretrial supervision since his initial appearance in the Central District of California on April 18, 2023, where bond was set for him. Mr. Xu's current conditions include, among other things: (1) surety affidavits signed by his wife Katie Cun and father Layuan Xu for the total amount of $250,000; (2) travel restricted to the Central District of California and the Southern and Eastern Districts of New York; and (3) surrender of his passport. ECF Nos. 53, 125.

The Court has previously approved international travel for Mr. Xu subject to the following conditions: (1) that Mr. Xu surrender to Pretrial Services the passports of all three of his minor children, to be returned on to him upon the surrender of his passport after his return;

---

[1] Defense counsel conferred with AUSA Danielle Kudla by email on April 9, 2025. She stated that the government has no objection to Mr. Xu's travel request if the same conditions as his last international trip are imposed.

(2) that he surrender his passport within 24 hours of his return to Los Angeles; and (3) that he provide a detailed itinerary to Pretrial Services. ECF Nos. 441, 444. Mr. Xu makes his current request with the same conditions.

      Mr. Xu's past conduct supports this request. Mr. Xu complied with the conditions set by the Court in connection with his past international travel requests. Indeed, since his release on bond in April 2023, Mr. Xu has been compliant with his conditions and made all court appearances. Additionally, Mr. Xu was in China when he found out about the indictment in this case and a warrant for his arrest. Mr. Xu promptly arranged travel back home to Los Angeles and surrendered to authorities for this case.

      To the extent that the Court has concerns about this request, the condition that Mr. Xu's three children surrender their passport should mitigate against any flight risk. As with his prior requests, Mr. Xu will surrender his children's passports and they will only be returned after he surrenders his passport back to the pretrial office in the Central District of California. As the Court is aware, Mr. Xu has deep community ties in the Central District of California. ECF No. 441. Mr. Xu resides there with his wife, a surety for his bond, and three minor children, all of whom hail from and live in the Central District of California. Mr. Xu's wife and minor children are reliant on Mr. Xu for financial support. In addition to his family, Mr. Xu's companies and over 100 hundred employees rely on Mr. Xu, a responsibility that Mr. Xu takes seriously. It is also worth noting that Mr. Xu gave up his Chinese citizenship to live, work, raise his family, and even militarily defend the United States. These deep community ties support Mr. Xu's request for a short period of international travel to see his aged parents.

      For these reasons, Mr. Xu requests that the Court modify his conditions of release as discussed above.

      Best regards,

      /s/

      Lillian Chu
      Zweiback Fiset & Zalduendo, LLP
      *Attorney for Defendant Skye Xu*