UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :

UNITED STATES OF AMERICA
                                                                      :       PRELIMINARY ORDER OF
                - v. -                                                  FORFEITURE/
                                                                       :       <u>MONEY JUDGMENT</u>

SKYE XU,
                                                                      :       23 Cr. 133 (JMF)

             Defendant.
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about March 13, 2023, SKYE XU (the "Defendant"), was charged, among others, in three counts of a four-count Indictment, 23 Cr. 133 (JMF) (the "Indictment"), with conspiracy to commit wire fraud and honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to the wire fraud offenses charged in Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

        WHEREAS, the Indictment also included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in

Count Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Four of the Indictment;

WHEREAS, on or about October 22, 2024, the Defendant pled guilty to Counts One, Two, and Four of the Indictment;

WHEREAS, the Government asserts that $4,487,830 in United States currency represents the amount of proceeds traceable to Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Four of the Indictment;

WHEREAS, the Government seeks a money judgment in the amount of $4,487,830 in United States currency, pursuant to Title 18 United States Code, Section 981(a)(1)(C) and 982(a)(1) and Title 28, United States Code, Section 2461(c), representing the amount of proceeds traceable to Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Four of the Indictment, for which the Defendant is jointly and severally liable with (i) his co-defendants, Lars Winkelbauer and Abilash Kurien (together, the "Co-Defendants") and the forfeiture money judgments entered against the Co-Defendants in this case, up to the amount of $1,527,540 as to each of the Co-Defendants; and (ii) Frank Filimaua (the "Co-Conspirator"), *U.S. v. Frank Filimaua*, 22 Cr. 261 (JMF), up to the amount of $1,432,750, to the extent a forfeiture money judgment is entered against the Co-Conspirator for the offenses charged in Counts One, Two, and/or Four of the Indictment; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the

Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Four of the Indictment, cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Two, and Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $4,487,830 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Four of the Indictment, for which the Defendant is jointly and severally liable with (i) his Co-Defendants and the forfeiture money judgments entered against the Co-Defendants in this case, up to the amount of $1,527,540 as to each of the Co-Defendants; and (ii) the Co-Conspirator, up to the amount of $1,432,750, to the extent a forfeiture money judgment is entered against the Co-Conspirator for the offenses charged in Counts One, Two, and/or Four of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant Skye Xu, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
   May __15__, 2025

SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE