UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:   ~~Proposed~~ Order of Restitution
    - v. -
:   23 Cr. 133 (JMF)
SKYE XU,
:
            Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Jerry J. Fang, Qais Ghafary, Danielle M. Kudla, and Kevin Mead, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One, Two, and Four of the Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

Skye Xu, the defendant, shall pay restitution in the total amount of $1,390,000, pursuant to 18 U.S.C. §§ 3663 and 3663A, Polar Air Cargo Worldwide, Inc. ("Polar"), the victim of the offense charged in Counts One and Two. The address of Polar is set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

Restitution is joint and several with defendants Lars Winkelbauer and Abilash Kurien in the cases *United States v. Winkelbauer et al.*, 23 Cr. 133 (JMF), and with defendant Frank Filimaua in the case *United States v. Filimaua et al.*, 22 Cr. 261 (JMF). The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of

restitution ordered herein, or Polar has recovered the full amount of Xu's restitution obligation from Xu, Winkelbauer, Kurien, and Filimaua.

2. **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows.

The total amount of restitution is due and payable immediately upon entry of this Order. While serving the term of imprisonment, the defendant shall make installment payments toward restitution in the amount of 25% of the defendant's income each month and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). In the interest of justice, pursuant to 18 U.S.C. § 3572(d)(1) and (2), any unpaid amount remaining upon release from prison will be payable in installments of at least 15 percent of the defendant's gross income, payable on the first of each month. This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted.

3. **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

4.     **<u>Change in Circumstances</u>**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (<u>Attn</u>: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The defendant shall pay interest on any restitution amount of more than $2,500.00, unless restitution is paid in full before the fifteenth day after the date of the judgment, in accordance with 18 U.S.C. § 3612(f)(1).

5.     **<u>Term of Liability</u>**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6.     **<u>Disclosure and Repatriation of Assets</u>**

The defendant shall fully cooperate with the Government in the identification of all assets available to satisfy restitution, whether held individually or jointly, directly or indirectly, within the United States and abroad, including the location of assets and the identity of any third party holding such assets. The defendant shall repatriate any asset valued at more than $10,000 which has been transferred to third parties or foreign accounts since the date which is 90 days prior to the

date of the Indictment, including by executing any and all documents necessary to transfer funds from abroad to the Clerk of Court.

SO ORDERED:

_____  
HONORABLE JESSE M. FURMAN  
UNITED STATES DISTRICT JUDGE

May 15, 2025  
_____  
DATE

## **SCHEDULE A**

| Name | Amount |
|---|---|
| Polar Air Cargo Worldwide, Inc.<br>c/o Cravath, Swaine & Moore LLP<br>Attn.: Lindsay Timlin, Esq.<br>Two Manhattan West, 375 Ninth Avenue<br>New York, NY 10001 | $1,390,000 |